J-A28009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES FINCH | |
| Appellant | No. 1135 EDA 2013 |

Appeal from the Judgment of Sentence November 2, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005865-2009

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:              **FILED DECEMBER 11, 2014**

Appellant, Charles Finch, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial conviction of rape—forcible compulsion, unlawful contact with a minor, indecent assault—without consent, and sexual assault.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[2]

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 6318(a)(1), 3126(a)(1), and 3124.1, respectively.

[2] While Appellant's counseled direct appeal was pending, he filed a *pro se* PCRA petition, which the trial court did not address.  **See generally Commonwealth v. Jette**, 611 Pa. 166, 23 A.3d 1032 (2011) (reiterating
*(Footnote Continued Next Page)*

Appellant raises the following issues for our review:

> DID NOT THE TRIAL COURT ERR IN FINDING THAT [K.L.] WAS COMPETENT TO TESTIFY?
>
> DID NOT THE TRIAL COURT ERR IN DENYING THE MOTION FOR MISTRIAL DUE TO PROSECUTORIAL MISCONDUCT IN THE OPENING ARGUMENTS, WHERE THE PROSECUTOR URGED THE JURY TO MAKE A STATEMENT THAT THE DISABLED COULD GET JUSTICE IN COURT?

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Genece E. Brinkley, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed November 27, 2013, at 21-26, 31-33) (finding: **(1)** court conducted competency hearing in which K.L. testified, defense counsel cross-examined K.L., court heard argument, and court was able to observe demeanor and timing of K.L.'s responses to questions regarding truth, lies, and duty to tell truth; K.L. demonstrated understanding of difference between truth and lie, importance of telling truth, that it was good to tell truth, and that telling lie would get her in trouble; K.L.'s confusion in placing certain events in specific years does not go to her competency because she indicated ability to understand reality;

_(Footnote Continued)_ ————————————

rule that court will not consider _pro se_ filings of defendant who is represented by counsel of record).

based on totality of record, K.L. was competent to testify; court did not abuse its discretion in failing to preclude K.L.'s testimony; **(2)** Commonwealth's statements about K.L. getting justice and being dragged through this process were not so inflammatory as to prevent jury from objectively weighing evidence at trial; discussion of concept of justice in opening statement did not deprive Appellant of fair trial or rise to level of manifest necessity required to grant mistrial; issue of fairness was open to oratorical flair because K.L. was victim of heinous crime; court properly denied defense counsel's motion for mistrial because Commonwealth did not commit prosecutorial misconduct during opening argument).  The record supports the trial court's decision; therefore, we see no reason to disturb it. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2014